———o———

## No. 3664.

### (Court of Appeal, Parish of Orleans.)

## SUCCESSION OF MRS. BRIDGET FORD, Widow of Patrick Trower, vs. SUCCESSION OF PATRICK TROWER.

Appeal from Civil District Court, Divisions "D" and "A."

E. H. McCaleb, Jr., for Administrator, Appellee.

Zengel, Thomas and Suthon, for Appellant.

1. While it is true that authentic acts cannot be varied between the parties except by a counter letter or by inerrogatories on facts and articles, it is equally true that the rule of inadmissibility of parol evidence against or beyond the contents of an act only extends to the parties thereto.

2. Though the note be negotiable, the mortgage or vendor's privilege securing it is not, and it is competent for a third person in interest to attack the transaction, and to show that the real nature of the contract is a mortgage in the form of a sale.

DUFOUR, J. The appellant here and opponent below, holder of a note purporting to be secured by vendor's privilege, opposed

all the items of the account herein, and complains particularly that her claim was subordinated to the funeral expenses.

If her note is secured by mere mortgage the ruling is correct; if by vendor's privilege, it is otherwise.

Succession of Negueloud, 52 An. 1495, does not go beyond holding that the fees of the administrator's attorney will prime the vendor's privilege in case the creditors allow the succession to be opened without taking out executory proceedings. Under Act. 3284, R. C. C., the rights of creditors having a privilege upon both movables and immovables are subjected to the prior claim of the vendor, the only exception being the expenses incurred in selling the property.

The administrator tendered testimony to show that the alleged vendor's privilege was in reality a mortgage; the testimony was excluded.

While it is true that authentic acts cannot be varied between the parties except by a counter letter or by interrogatories on facts and articles, it is equally true that the rule of inadmissibility of parol evidence against or beyond the contents of an act only extends to the parties thereto.

The creditors of the succession are third parties, but the objection to their claim is that the opponent is also a third party, who, so far as the record shows, acquired the note before maturity and for value.

The objection is not sound; though the note be negotiable, the mortgage or vendor's privilege is not, and it is competent for a third person in interest to attack the transaction and to show that the real nature of the contract is a mortgage in the form of a sale.

The proof tendered should have been received.

Judgment reversed, and cause remanded to be tried according to the views herein expressed, appellee to pay costs of appeal and costs of lower court to await final determination of the cause.